IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Noorali Sam Savani, | C.A. No. 1:06-2805-MBS |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| Washington Safety Management Solutions LLC, et al., | |
| Defendants. | |

      Noorali Sam Savani ("Plaintiff") was formerly employed by Defendant Washington Safety Management Solutions, LLC ("Defendant"). The early retirement pension plan, ("the Plan") provided to Plaintiff by Defendant, stated in § 4.12(a) that Plaintiff's early retirement benefits would include a $700.00 monthly supplement. Plaintiff participated in Defendant's Plan from 1997 until his retirement in 2005. On December 28, 2004, Defendant's Benefits Committee amended the Plan to eliminate § 4.12(a). Plaintiff brought this class action suit under the Employee Retirement Income Security Act ("ERISA") § 502(a)(1)(B), 29 U.S.C. § 1332(a)(1)(B). Plaintiff claims that he is entitled to the monthly supplement provided for in § 4.12(a). Among other theories of relief, Plaintiff claims that the termination of § 4.12(a) violated ERISA's anti-cutback and notice provisions.

      The case was originally assigned to The Honorable Henry F. Floyd.[1] On March 31, 2010, Judge Floyd ruled on the parties' cross motions for summary judgment. Judge Floyd denied Plaintiff's motion for summary judgment and granted Defendant's motion for summary

---

[1] Judge Floyd was elevated to the Fourth Circuit Court of Appeals in October 2011.

judgment as to Plaintiff's claims.[2] Of particular relevance to the Fourth Circuit's opinion and this order, Judge Floyd found that the $700 monthly supplement at issue was not an early retirement benefit or any other type of accrued benefit under the Plan and therefore, found that Defendant did not violate ERISA's anti-cutback provision when it removed § 4.12(a) from the Plan. Judge Floyd noted that the rejection of Plaintiff's claims on the merits foreclosed the need to consider whether to certify a class as to the same claims. Accordingly, Judge Floyd dismissed Plaintiff's renewed motion for class certification.

On August 18, 2010, the case was reassigned to this court. On August 24, 2010, Plaintiff filed a motion to amend the complaint. On the same day, Plaintiff also filed a motion for reconsideration of Judge Floyd's order on the parties' cross-motions for summary judgment. On February 2, 2011, this court denied Plaintiff's motion to amend and motion for reconsideration. On March 3, 2011, Plaintiff filed a timely appeal with the Fourth Circuit.

On March 20, 2012, the Fourth Circuit issued an order reversing Judge Floyd's grant of summary judgment in favor of Defendant. The Fourth Circuit focused its analysis on whether the supplement provided for in § 4.12(a) of the Plan was an "accrued benefit." The Fourth Circuit found that the plain language of Defendant's Plan included the supplement in the calculation of "accrued benefits." Based on the fact that the anti-cutback provision of ERISA does not permit the elimination or decrease of an "accrued benefit," the Fourth Circuit held that Defendant violated the provision by eliminating the supplement through amendment. Accordingly, the Fourth Circuit held that the amendment was invalid and that Plaintiff was entitled to relief on this basis. The Fourth Circuit did not consider Plaintiff's other basis for

---

[2] Judge Floyd, however, denied Defendant's motion for summary judgment as to Defendant's counterclaim to recoup $9,100.00 which Defendant claimed Plaintiff had incorrectly received after the termination of the supplemental benefit provision. Judge Floyd ordered the parties to participate in mediation to resolve this issue. The parties reached a resolution on this issue and filed a stipulated dismissal as to Defendant's counterclaim.

relief. The Fourth Circuit remanded the case to this court for further proceedings consistent with their opinion.

In accordance with the Fourth Circuit's order, the court vacates Judge Floyd's grant of summary judgment in favor of Defendant. The court hereby grants Plaintiff's motion for summary judgment as to Plaintiff's claim that Defendant's elimination of § 4.12(a) was invalid because it violated ERISA's anti-cutback provision. The court denies Defendant's motion for summary judgment on this basis. The court also vacates Judge Floyd's dismissal of Plaintiff's renewed motion for class certification. Defendant is required to file a response to Plaintiff's renewed motion for class certification within 60 days of the filing of this order. Further, the parties are ordered to submit a consent amended scheduling order to the court as to all remaining issues within 30 days of the filing of this order.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Chief United States District Judge

May 2, 2012
Columbia, South Carolina