UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| NOORALI "SAM" SAVANI and ROBERT P. TAYLOR, JR., individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br> v.<br><br>WASHINGTON SAFETY MANAGEMENT SOLUTIONS, LLC, et al.<br><br>AND<br><br>WASHINGTON SAFETY MANAGEMENT SOLUTIONS, LLC, and WASHINGTON SAFETY MANAGEMENT SOLUTIONS, LLC's PENSION PLAN ("WSMS PENSION PLAN"),<br><br>    Defendants. | C.A. No.: 1:06-cv-02805-MBS<br><br><br><br><br><br><br><br>**ORDER AND OPINION** |

  On May 2, 2012, upon remand from the Court of Appeals for the Fourth Circuit,[1] the court issued an Order and Opinion (Docket #184) ("the Order") vacating summary judgment in favor of Defendants. The court granted summary judgment in favor of Plaintiffs and reinstated Plaintiffs' motion for class certification. The court also ordered Defendants to file a response to Plaintiffs' renewed motion for class certification within 60 days of the date of the Order. In light of Wal-mart Stores, Inc. v. Dukes, 131 S. Ct. 2541 (2011), Plaintiffs filed an amended motion for class certification (Doc. 188 filed on June 10, 2012). On July 7, 2012, Plaintiffs filed a motion to add Robert P. Taylor, Jr. as a party and subclass representative. Simultaneously, Plaintiffs filed a second

---

[1]This case originally was assigned to the Honorable Henry F. Floyd. Upon Judge Floyd's elevation to the Fourth Circuit, the case was reassigned on August 18, 2010, to the undersigned.

amended motion for class certification reflecting Robert P. Taylor, Jr. as subclass representative. Defendants in their response to Plaintiffs' motion concede that the requisites of Rule 23(a) of the Federal Rules of Civil Procedure have been met and that the court should certify the case under Rule 23(b)(1). Further, Defendants have no objections to the class definitions proposed by Plaintiffs. Defendants' only remaining objection is that the court not alternatively certify the class pursuant to Rule 23(b)(3).

> The proposed Class, to be represented by Noorali "Sam" Savani, is defined as:
>
> Employees of Washington Safety Management Solutions, LLC, formerly Westinghouse Safety Management Solutions, LLC [collectively "WSMS"] who (1) are members of the WSMS Plan, (2) have at least one year of service with WSMS, and (3) transferred to the Plan from an Affiliated Employer as defined in §1.02 of the Plan on or before January 1, 1998, or transferred to the Plan from Washington Savannah River Company, LLC, formerly, Westinghouse Savannah River Company, LLC [collectively, "WSRC"].[2]

Defendants opposed paying certain members of the above class who after December 31, 2005 have or may have become eligible for § 4.12(a) WSMS Plain benefits as related to freeze of benefits as of December 31, 2005. Thus, Plaintiff proposed a Subclass for this issue as defined below. Defendant objected to Plaintiff Savani being the representative of the Subclass on the grounds that he did not have the necessary qualifications as defined in the Subclass. Thus, Plaintiff filed a motion to add Robert P. Taylor, Jr. as a party and class representative for the Subclass. On July 12, 2012, the court granted Plaintiff's motion. The proposed Subclass, to be represented by Robert P. Taylor, Jr. is defined as:

> All members of the Class defined above who, as of December 31, 2005, either (1) did not have 15 total years of service with WSMS or an Affiliated Employer as defined in §1.02 of the Plan, or (2) was not 50 years of age, or (3) did not meet the 25 years of service and age 45 but less than 50 years of age requirements for an

---

[2] The above class is designated herein as the main Class.

2

Optional Retirement Pension as defined in §4.04 of the WSMS Plan.[3]

## I. **Requisites of Rule 23**

Fed. R. Civ. P. 23 provides for Class Actions as follows:

(a) PREREQUISITES. One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) TYPES OF CLASS ACTIONS. A class action may be maintained if Rule 23(a) is satisfied and if: (1) prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

It is the party seeking class certification who bears the burden of proving the requirements of Rule 23. See Lienhart v. Dryvit Sys., Inc., 255 F.3d 138, 146 (4th Cir. 2001); Int'l Woodworkers of Am. v. Chesapeake Bay Plywood Corp., 659 F.2d 1259, 1267 (4th Cir. 1981). To fulfill the requirements for class certification, Plaintiffs must first show compliance with Rule 23(a). Once Plaintiffs have met this requirement, they must show that class certification is proper under one of

---

[3]The above class is designated herein as the Subclass.

the subsections of Rule 23(b).

### A. <u>Numerosity</u>

Rule 23(a)(1) requires that the class be so numerous that joinder of all members is impracticable. No bright line test exists for determining numerosity and the determination rests on the court's practical judgment in light of the particular facts of the case. See <u>Lott v. Westinghouse Savannah River Co., Inc.</u>, 200 F.R.D. 539, 550 (D.S.C. 2000). The record shows that the class is comprised of approximately 150 employees of WSMS. (Doc. 32). The Subclass is comprised of approximately 75 persons. Defendants do not contest that the numerosity requirement is fulfilled. The court finds that the Class and Subclass are so numerous that joinder of all members is impracticable.

### B. <u>Commonality</u>

Rule 23(a)(2) requires that the resolution of common questions affect all or a substantial number of the class members. See <u>Brown v. Nucor Corp.</u>, 576 F.3d 149, 153 (4th Cir. 2009). As the Supreme Court recently clarified, in order to satisfy the commonality requirement, the plaintiff must demonstrate that the class members have suffered the same injury and that the claim depends upon a common contention that is capable of class-wide resolution. See <u>Wal-Mart Stores, Inc. v. Dukes</u>, 131 S. Ct. 2541 (2011).

All of the claims of the Class members arose from the same acts and conduct of Defendants, namely Defendants' elimination of § 4.12(a) early retirement supplemental benefits. The theory of liability of each member is identical, *i.e.* Defendants violated the Employee Retirement Income Security Act's ("ERISA") anti-cut back rule. 29 U.S.C. § 1054(g). The parties do not dispute that Plaintiffs' claim fulfills the commonality requirement. The court finds that the issue of whether there was a denial of supplemental benefits in violation of the anti-cut back rule is a common

question of law applicable equally to Plaintiffs and all members of the Class and Subclass.

### C. Typicality

The typicality requirement of Rule 23(a)(3) goes to the heart of a representative parties' ability to represent a class and tends to merge with the commonality requirement. See Deiter v. Microsoft Corp., 436 F.3d 461, 466 (4th Cir. 2006). Although it is not required that the plaintiff's claim and the claims of class members be perfectly identical, the typicality requirement ensures that the class representative possesses the same interest and suffers the same injury as the class members. Id. at 466-67. In this case, the interests of the class members are identical to the interests of the class representatives – to obtain early retirement supplemental benefits under the WSMS Plan. The parties do not dispute that the claims of the class representatives are typical of the other class members. The court finds that Noorali "Sam" Savani's claims are typical of the Class and Robert P. Taylor, Jr.'s claims are typical of the Subclass.

### D. Adequacy

Rule 23(a)(4) requires that the representative parties will fairly and adequately protect the interests of the class. This rule involves two components: (1) that the plaintiffs' attorneys are qualified, experienced and generally able to conduct the litigation; and (2) that the class representatives' interests are not antagonistic to or in conflict with those of other class members. See South Carolina Nat'l Bank v. Stone, 139 F.R.D. 325, 330 (D.S.C. 1991). According to Plaintiffs' affidavits, there are no conflicts posed by Plaintiffs serving as class representatives. Further, as Plaintiffs' counsel has litigated this case for six years, there is ample evidence Plaintiffs and Plaintiffs' counsel will fairly and adequately protect the interests of class and subclass members. Thus, the court finds that the adequacy requirement is met.

The court finds that the requirements of Rule 23(a) are met in this case. Pursuant to the

Federal Rules of Civil Procedure, in addition to fulfilling the requirements of Rule 23(a), a proposed class action suit must also qualify under one of the Rule 23(b) subsections.

**II.     Rule 23(b)(1)**

An action may be brought as a class action under Rule 23(b)(1)(A) if individual adjudication of the controversy would prejudice the party opposing the class or under Rule 23(b)(1)(B) if individual adjudication would prejudice the class members themselves. See Zimmerman v. Bell, 800 F.2d 386, 389 (4th Cir. 1986).

Rule 23(b)(1)(A) applies in cases where a party is obliged by law to treat the members of the class alike (a utility acting towards customers; a government imposing a tax), or where the party must treat all alike as a matter of practical necessity. See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997). ERISA cases where plaintiffs challenge the computation of benefits are often certified under Rule 23(b)(1)(A). See Pender v. Bank of America Corp., 269 F.R.D. 580 (W.D.N.C. 2010) (citing cases which held that where plaintiffs challenge the legality under ERISA of one pension plan amendment, differing outcomes would make it impossible for defendants to implement any one result). In this case, differing outcomes as to § 4.12(a) would make it impossible for Defendants to implement any one result. Thus, the class action is certifiable pursuant to Rule 23(b)(1)(A).

Further, the Advisory Committee for the Federal Rules of Civil Procedure intended Rule 23(b)(1)(B) to apply, among other situations, to actions predicated upon a breach of trust by a trustee or other fiduciary, affecting the members of a large class of security holders or other beneficiaries. Fed. R. Civ. P. 23(b)(1)(B) (advisory committee's note to 1966 amendment). This case involves the WSMS Pension Plan and the WSMS Plan Defendants are its fiduciaries. ERISA requires that all employees under the WSMS Pension Plan be treated fairly according to the terms of the Plan. In

Barnes v. AT & T Pension Benefit, 270 F.R.D 488 (N.D. Cal. 2010), the plaintiffs moved for class certification of causes of action for failure to pay benefits and violation of ERISA's anti-cutback provision. The court determined that the ERISA class action was maintainable on the ground that prosecuting separate actions would create risks of inconsistent or varying adjudications or adjudications that would be dispositive of or would substantially impair or impede nonparties' interests as outlined in Rule 23(b)(1)(B).

Similarly, here the court finds that adjudications with respect to individual class members would establish incompatible standards of conduct for the WSMS Plan administrators and as a practical matter, would be dispositive of the interests of the other class members. Such a result would substantially impair the class members' ability to protect their interests. The court therefore certifies this case under Federal Rule 23(b)(1) with the Class as defined above represented by Noorali "Sam" Savani and the Subclass as defined above represented by Robert P. Taylor, Jr.

### III.     Rule 23 (b)(3)

Alternatively or additionally, Plaintiffs moved for class certification under Federal Rule 23(b)(3). If a class action is maintainable under section (b)(1) and also under (b)(3), a court should certify the action under (b)(1) so that the judgment will have res judicata effect as to all the class. This furthers the policy underlying (b)(1) class suits, which are "mandatory" and do not permit class members to opt-out. See In Re A.H. Robins Co., Inc., 880 F.2d 709, 728 (4th Cir. 1989), reversed on other grounds by Amchem Products, Inc. v. Windsor, 521 U.S. 591 (1997); see also Pender, 269 F.R.D. at 598. Thus, having certified the class under Rule 23(b)(1), the court will not address potential certification under Rule 23(b)(3).

### IV.     Rule 23(g)

Rule 23(g) provides:

> CLASS COUNSEL. (1) Appointing Class Counsel. Unless a statute provides otherwise, a court that certifies a class must appoint class counsel. In appointing class counsel, the court: (A) must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]

The voluminous record and multitudinous claims asserted by Stanley G. Jackson, Esq. as counsel for Plaintiffs demonstrates the extensive work he has done in identifying and investigating potential claims in the action. There is abundant evidence of Stanley G. Jackson's experience in handling class actions and other complex litigation. (Doc. 8). Counsel's knowledge of the applicable law is demonstrated by the various briefs filed in this court and with the Fourth Circuit. By seeking class certification multiple times and by litigating this case for six years, Mr. Jackson has demonstrated that he will commit adequate resources to representing the Class and Subclass. The court therefore finds that Stanley G. Jackson, Esq. is qualified as class counsel under Rule 23(g).

**IT IS THEREFORE ORDERED** that the complaint be certified as a class action under Rule 23(b)(1) and the applicable Class and Subclass defined hereinabove. Plaintiffs' second amended motion for class certification is granted only insofar as it seeks certification pursuant to Rule 23(b)(1). It is further ordered that Class is represented by Noorali "Sam" Savani, the Subclass is represented by Robert P. Taylor, Jr., and Stanley G. Jackson, Esq. is named as class counsel. Counsel are ordered to confer as to the manner, timing, and content of the notice to the Class and Subclass and to report to the court their recommendations by September 30, 2012.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour  
Chief United States District Judge

August 28, 2012  
Columbia, South Carolina